UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **NELSON H. HARRIS,** )  ) | |
|       **Petitioner** ) ) | |
|       v.     ) ) | No. 3:06cv0021 AS |
| **SUPERINTENDENT, INDIANA** ) **STATE PRISON,**  ) ) | |
|       **Respondent** ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 9, 2006, *pro se* petitioner, Nelson H. Harris, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 9, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a handwritten Traverse on August 17, 2006, which this Court has carefully examined.

A good beginning point for this case is the unanimous opinion of the Supreme Court of Indiana in *Harris v. State*, 644 N.E. 2d 552 (Ind. 1994). Although Justice Sullivan concurred in result without separate opinion, one can only speculate what his concerns may have been, but there's nothing in writing to explicate the same. Nonetheless the opinion of the Supreme Court of Indiana approximately twelve years ago is the proper subject of a presmption under 28 U.S.C. §2254(e)(1). The petitioner has the burden of rebutting the

presumption of correctness by clear and convincing evidence and has not done so.  Of some basic importance here are the twin unanimous cases decided on the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002).  See also *Bell v. Cone*, 543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).  *See also Rice v. Collins*, 125 S.Ct. 969 (2006), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

The issue here appears to be the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).  *See also Artuz v. Bennett*, 531 U.S. 4 (2000).  According to the Attorney General of Indiana, this petitioner's conviction became final on March 16, 1995 which was the date upon which he would have been required to file a petition for certiorari with the Supreme Court of the United States. There is no doubt there is the period of grace under judicial decision extending the same until at least April 23 or 24, 1997.  The petition for post-conviction relief under state law was not filed and denied until August 19, 1998, and no appeal was taken from the denial of post-conviction relief.

Certainly this petitioner is entitled to such relief as he might be entitled to under *Houston v. Lack,* 487 U.S. 266 (1988).  There were attempts at successive state collateral attacks on October 12, 2005, which was denied December 2005. Based on these salient facts, the effort to toll the statute of limitations here is simply unavailing.  This court engages daily in cases dealing with *Blakely v. Washington*, 540 U.S. 965 (2004).  *Blakely* is not retroactive.

*See Green v. United States*, 397 F.3d 101 (2d Cir. 2005).  *See also Johnson v. Robert*, 431 F.3d 992 (7th Cir. 2005).

This court has attempted to give close attention to this pro se petitioner's handwritten arguments and believes that it understands the same.  Without any disrespect, it is simply too late to attempt in this proceeding to breathe life into a case which was decided, and this court believes properly so, almost 12 years ago by the Supreme Court of Indiana.

Thus, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  August 22, 2006

                                  S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**